### CALVIN HUGHES v. THE STATE.

No. 1552. Decided February 7, 1912.

Rehearing Denied April 10, 1912.

1.—Horse Race—Recognizance.

Where the recognizance described the offense as running a horse race on the public road, the same was insufficient.

2.—Same—Amendment—Alterations.

Where it appeared by affidavit that the alterations were made in the recognizance after adjournment of court at which the conviction occurred, the appeal will not be reinstated.

Appeal from the County Court of Shelby. Tried below before the Hon. E. W. Hooker.

Appeal from a conviction of running a horse race on a public road; penalty, a fine of $25.

The opinion states the case.

*Wheeler & Postell,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The Assistant Attorney-General moves to dismiss the appeal because of the insufficiency of the recognizance. The recognizance in this case is in the same form as that in Hubbard v. State, dismissed at the present term. ·

The offense set out in the recognizance is running a horse race on a public road. This is not a sufficient description of the ingredients set out in the statute to constitute the offense therein declared, nor does the recognizance comply with the form prescribed by the Legislature.

The Assistant Attorney-General's motion is well taken and will be sustained. The appeal is dismissed.

*Dismissed.*

### ON REHEARING.

### April 10, 1912.

DAVIDSON, PRESIDING JUDGE.—At a former day of the term the appeal herein was dismissed for want of sufficient recognizance. The recognizance sent up in the original transcript, omitting prior por-

tions of it, reads as follows: "Conditioned that the said Calvin Hughes who stands charged in this court with the offense of horse racing on public road, and who has been convicted of said offense in this court, shall appear before this court from day to day and from term to term," etc. It will be noticed that it was fatally defective in that, among other things, it did not set out the punishment as required by statute. Motion for rehearing is based on the statement that the recognizance was erroneously transcribed in the transcript originally and sends up what purports to be a correct recognizance. The State replies to this, that the recognizance originally sent up was correctly transcribed, and that after the adjournment of the term of court at which the conviction occurred and during which the recognizance was entered, that the minutes of the court recording the recognizance was erased, interlined and changed so as to insert the following: "Has been convicted in this cause of a misdemeanor, and his punishment assessed at $25, as more fully appears by the judgment of conviction duly entered in this cause." The county clerk and county attorney make affidavit that such alteration has been made as shown by the record and made after the adjournment of court at which the conviction occurred. Under this state of the record this court will not reinstate the case nor grant the rehearing. We do not understand how matters of this sort should be permitted to occur in trial courts in regard to its minutes and records.

The motion for rehearing is overruled.

*Overruled.*